IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTSIN D. BEALL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3002 |
| | ) | |
| v. | ) | |
| | ) | |
| KORN AND MORE, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his complaint in this matter on January 7, 2013 (Filing No. 1). Plaintiff has been given leave to proceed in forma pauperis (Filing No. 5). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his complaint against Korn and More, Inc., his former employer (Filing No. 1 at CM/ECF p. 2). Plaintiff's allegations are vague. He alleges only that, when he was hired at Korn and More, Inc., he informed his employer that he would need to miss work on occasion because of "court dates." In December 2012, after returning to work from one of his court appearances, his employment was terminated. (Id. at CM/ECF p. 2.) Plaintiff does not allege what reason was given for his termination, but states that he believes it was because of his disability. (Id. at CM/ECF p. 3 ("In my interview I explained my court dates and my disability and now I have been discriminated

because of it.").) Plaintiff does not identify his disability or explain why he believes he was terminated because of it.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. &*

*Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

III. DISCUSSION OF CLAIMS

Liberally construed, plaintiff's complaint alleges claims under the Americans with Disabilities Act. As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: "he was a disabled person within the meaning of the ADA, that he was qualified to perform the essential functions of the job, and that he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 934 (8th Cir. 2008). Further, a person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment that substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities

-3-

under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Prior to filing suit in federal court, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(b); 42 U.S.C. § 12117(a) (§ 2000e-5 applies to ADA claims).

Here, plaintiff has not sufficiently alleged that he is a disabled person within the meaning of the ADA. Plaintiff states that he is "disabled," but he does not allege that he suffers from an impairment that substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. In addition, plaintiff has not alleged that he was qualified to perform the essential functions of his job. Finally, plaintiff has not filed a copy of his EEOC charge or his right-to-sue

-4-

notice. Thus, the Court cannot determine whether plaintiff's claim is timely. However, the Court will permit plaintiff to (1) amend his complaint to sufficiently allege a prima facie case of discrimination under the ADA, and (2) file a copy of his EEOC charge and right-to-sue notice with the Court.

IT IS ORDERED:

1. Plaintiff shall have until **May 31, 2013,** to (1) amend his complaint to sufficiently allege a prima facie case of discrimination under the ADA, and (2) file a copy of his EEOC charge and right-to-sue notice with the Court. If plaintiff fails to file an amended complaint or copies of his EEOC charge and right-to-sue notice, plaintiff's claims against defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **June 3, 2013.**

      3.   Plaintiff shall keep the Court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

DATED this 2nd day of May, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

   * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.